

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00435-CV

ASHLEY DENHAM AS PARENT AND LEGAL GUARDIAN
OF F.L.J.B., A MINOR CHILD, APPELLANT

V.

TEXAS MUTUAL INSURANCE COMPANY, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 98,186-A, Honorable Dan L. Schaap, Presiding

July 15, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Ashley Denham, as parent and legal guardian of F.L.J.B., her minor daughter, appeals the trial court's summary judgment in favor of Texas Mutual Insurance Company by which Denham takes nothing in her worker's compensation claim on behalf of her minor daughter. We will affirm.

Factual and Procedural History

Donnie Lee Burris was employed by Panhandle Fire Protection, LLC. On August 4, 2008, Burris died in a motor vehicle accident when the company truck he was driving crashed while en route to a job site in New Mexico. Panhandle Fire Protection had a worker's compensation policy with Texas Mutual Insurance Company. After the fatal accident, an autopsy was performed on Burris, which included blood and urine tests for intoxicants. The results of those tests revealed the presence of THC, the active ingredient in marijuana.

Ashley Denham, as parent and legal guardian of Burriss's minor child, F.L.J.B., sought death benefits for the child. Texas Mutual denied benefits, pointing to the evidence that at the time of the accident Burris was intoxicated and also maintaining that Burriss was not in the course and scope of his employment at the time of the fatal injury.

Following a contested case hearing in which Denham prevailed on the course-and-scope-of-employment issue, Texas Mutual appealed the decision to the Appeals Panel of the Division of Worker's Compensation. The Appeals Panel remanded the cause back to the hearing officer to determine the intoxication issue. On remand, the hearing officer concluded that Burris was in the course and scope of his employment and was not in a state of intoxication at the time of the accident. Texas Mutual again appealed the matter to the Appeals Panel, which reversed the hearing officer's conclusion that Burriss was not intoxicated at the time of the accident. Based on the blood and urine test results showing the presence of THC, the Appeals Panel rendered

judgment that Burriss was, in fact, intoxicated at the time of his fatal injury and that, therefore, Texas Mutual was relieved of liability.

Denham sought judicial review of that decision by the 47th District Court in December 2009. Following a nearly five-year period of inactivity, Texas Mutual filed its no-evidence motion for summary judgment, contending, *inter alia*, that Denham failed to present evidence that Burriss was not intoxicated at the time of the claimed injury. In response to Texas Mutual's no-evidence motion for summary judgment, Denham submitted an affidavit and letter from a physician which challenged the validity of the post-mortem toxicological testing that showed THC in Burriss's system.

The trial court granted Texas Mutual's no-evidence motion for summary judgment and rendered a take-nothing judgment in favor of the insurance company. Denham appeals to this Court, contending that the trial court erred when it granted Texas Mutual's no-evidence motion for summary judgment.

Procedural Posture

A Division of Workers' Compensation Appeals Panel's final decision may be appealed to the courts under a modified *de novo* review. *See Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 515 (Tex. 1995); *Bituminous Fire & Marine Ins. Co. v. Ruel*, No. 07-12-00507-CV, 2014 Tex. App. LEXIS 6093, at *8 (Tex. App.—Amarillo June 4, 2014, pet. denied) (mem. op.). Under this modified *de novo* review, all issues of compensability may be tried by a jury or court. *See Garcia*, 893 S.W.2d at 515; *see generally* TEX. LAB. CODE ANN. §§ 410.301–.304 (West 2015). Although the court is informed of the Appeals Panel's decision, the trial court is not required to accord it any

3

particular weight. *See Garcia*, 893 S.W.2d at 515; *see also* TEX. LAB. CODE ANN. § 410.304. The fact-finder does not review the Appeals Panel's decision for "'reasonableness,' but rather independently decides the issues by a preponderance of evidence." *Garcia*, 893 S.W.2d at 531. The party appealing the Appeals Panel's ruling bears the burden of proof by a preponderance of evidence. *See* TEX. LAB. CODE ANN. § 410.303. That being so, because her claim was denied at the administrative level, Denham bore the burden at the trial court level of proving by a preponderance of evidence that Burriss was not intoxicated at the time of the fatal accident. *See id.*

## Standard of Review

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense. TEX. R. CIV. P. 166a(i).

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Chapman*, 118 S.W.3d at 750–51. So, when called on to review a no-evidence summary judgment, we review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless

4

reasonable jurors could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005), and *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)).

A no-evidence summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on a challenged element. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003); *see* TEX. R. CIV. P. 166a(i); *Chapman*, 118 S.W.3d at 751. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). Put another way, a no-evidence point will be sustained when "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Chapman*, 118 S.W.3d at 751 (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *Forbes Inc.*, 124 S.W.3d at 172 (citing *Chapman*, 118 S.W.3d at 751, and *Havner*, 953 S.W.2d at 711).

Applicable Law

Under the Texas Workers' Compensation Act, an insurance carrier is not liable for compensation of benefits if an injury occurs while the employee is in a state of intoxication. *See* TEX. LAB. CODE ANN. § 406.032(1)(A) (West 2015). In this context, "intoxication" means the state of (1) having an alcohol concentration to qualify as intoxicated under Section 49.01(2) of the Texas Penal Code or (2) not having the normal use of mental or physical faculties resulting from voluntary ingestion of an alcoholic beverage or a controlled substance under Section 481.002 of the Texas Health and Safety Code. *See id.* at § 401.013(a)(1), (2)(A)–(B) (West 2015). Marijuana is such a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(5) (West Supp. 2014); *see also id.* § 481.032 (West Supp. 2014) (identifying "marihuana" as a Schedule I hallucinogenic substance). Because this case does not involve a question of blood-alcohol concentration, for our purposes, "intoxication" is defined as the state of not having the normal use of mental or physical faculties due to voluntary ingestion of marijuana into the body. *See* TEX. LAB. CODE ANN. § 401.013(a)(2)(B).

Unlike alcohol consumption, there is no level or test defined by statute that establishes *per se* if a person has lost use of his or her physical and mental faculties due to the ingestion of a controlled substance. *Am. Interstate Ins. Co. v. Hinson*, 172 S.W.3d 108, 115 (Tex. App.—Beaumont 2005, pet. denied). The standard for marijuana is relatively subjective. *See id.*; *see also* TEX. LAB. CODE ANN. § 401.013(a)(2). Thus, the issue in a workers' compensation case involving the allegation of intoxication by a controlled substance, like marijuana, is not whether the substance was to some degree, however slight, in the claimant's body at the time of the accident;

6

rather, the issue is whether the claimant was physically or mentally impaired at the time the accident occurred as a result of having ingested the controlled substance. *Ruel*, 2014 Tex. App. LEXIS 6093, at *10–11 (citing *Hinson*, 172 S.W.3d at 115, and *Dallas Nat'l Ins. Co. v. Lewis*, No. 01-10-00528-CV, 2011 Tex. App. LEXIS 4564, at *13 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.)).

When the insurance carrier shows the voluntary ingestion of any substance listed under Section 401.013(a)(2)(B) based on a blood test or urine analysis, there arises "a rebuttable presumption that a person is intoxicated and does not have the normal use of mental or physical faculties." *See* TEX. LAB. CODE ANN. § 401.013(c). "Generally, an employee is presumed sober; however, when the carrier rebuts the presumption of sobriety with probative evidence of intoxication, the burden shifts to the employee to prove that he or she was not intoxicated at the time of the accident." *Ruel*, 2014 Tex. App. LEXIS 6093, at *11. In the case at bar, because of the post-mortem blood and urine test results showing marijuana in Burriss's system, Denham was required to rebut this statutory presumption and prove at trial by a preponderance of the evidence that Burriss was not intoxicated at the time of the accident. *See* TEX. LAB. CODE ANN. § 410.303.

Analysis

We considered similar positions in *Ruel*, in which the injured claimant—whose urine test revealed a byproduct of cocaine—bore the burden at the trial court of proving by a preponderance of the evidence that he was not intoxicated at the time of the injury-causing accident. *See Ruel*, 2014 Tex. App. LEXIS 6093, at *2, *9. The trial court in

7

that case concluded that Ruel was not intoxicated at the time of the accident. *Id.* at \*6. The trial court had before it testimony from Ruel's supervisor and coworker that Ruel seemed "normal" and "fit for duty" the morning of the accident, Ruel's own testimony that he had ingested two lines of cocaine the Tuesday preceding the Friday morning accident, and Ruel's testimony that he had the normal use of mental and physical faculties the morning of the accident. *See id.* at \*3, \*4. The insurance company also presented testimony from its expert that the alcohol consumed by Ruel on Tuesday amplified the effects of the cocaine such that Ruel was intoxicated on the morning of the accident. *See id.* at \*4–5. Ruel's expert testified that bare results from urinalysis would not be sufficient to lead to any conclusion regarding intoxication at a given time, that more information would be needed to make such a conclusion. *Id.* at \*5–6. He testified that effects of cocaine vary from person to person and that those effects last only a few hours. *Id.* at \*6. Based on our review of the evidence, we concluded that "Ruel rebutted the presumption of intoxication to the satisfaction of the jury and established by a preponderance of the evidence that he was not intoxicated at the time of the accident" and affirmed the trial court's judgment. *See id.* at \*13.

Here, Denham presented an affidavit from Robert J. Phillips, D.O., who opined that "the post[-]mortem drug levels found in [Burriss]'s body were totally invalid due to the rapid redistribution from storage tissues." Phillips's attached correspondence is more detailed but still only speaks to the propriety of making a conclusion regarding intoxication based on post-mortem testing. That is not the issue to consider; we must consider the evidence that, at the time of the fatal accident, Burriss was not intoxicated. We can find no such evidence. We acknowledge Phillips's position on post-mortem

toxicological results and the meaning that should or should not be assigned to them. However, the rebuttable presumption of Section 401.013(c) was in place, regardless of whether it is founded on medically and toxicologically sound theory. That is, the propriety of the presumption is not before us; we are tasked only with studying the record for evidence that Burriss was not intoxicated at the time of the motor vehicle accident. Unlike the case in *Ruel*, we find no evidence of Burriss's state at the time of the accident, nothing at all supporting a conclusion that he did, in fact, have the normal use of his mental and physical faculties. *See Sanchez v. State Office of Risk Mgmt.*, 234 S.W.3d 96, 102 (Tex. App.—El Paso 2007, no pet.) (observing that "[t]he issue on appeal is not whether [the employee] was intoxicated, but whether [the plaintiff] presented evidence that [the employee] was *not* intoxicated"). We have no evidence from Burriss's passenger and, unfortunately, the deceased Burriss could not provide any evidence regarding details of his ingestion or exposure to marijuana.

In essence, Denham challenges the application of the presumption of intoxication in the first place, presenting evidence that results from post-mortem analysis are invalid and do not speak to the decedent's level of intoxication at the time of the accident. Regardless of the toxicological theory upon which it is based, Section 401.013(c)'s rebuttable presumption was raised by the results of blood tests and urinalysis performed on Burriss. When that presumption came into play, Denham bore the burden of rebutting that presumption by presenting evidence that Burriss was *not* intoxicated at the time of the accident. Philips's affidavit, while it may very well espouse a scientifically sound counterargument to Section 401.013(c)'s presumption of intoxication, does not present evidence that Burriss was not intoxicated at the time of

9

the accident. It merely challenges the presumption, imposed by statute, that was raised by the test results showing the presence of marijuana in Burriss's system. While such a position may have its place in the debate on a topic in the medical and toxicological communities, in the legal arena, this position presents no evidence that the decedent was not intoxicated at the time of the fatal accident. And such was Denham's burden to bear in light of the presumption in place per statute. In the absence of such evidence, the trial court did not err by granting Texas Mutual's no-evidence motion for summary judgment. We overrule Denham's point of error.

Conclusion

Having overruled Denham's point of error, we affirm the trial court's judgment that she take nothing. *See* TEX. R. APP. P. 43.2(a).


Mackey K. Hancock
Justice